IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER P. RAMANEE,[1] | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 19-2342 |
| ANDREW SAUL,[2] | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                November 15, 2019

Christopher P. Ramanee, ("Plaintiff"), filed this *pro se* action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner of the Social Security Administration's decision denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Commissioner has filed a Motion to Dismiss Plaintiff's Complaint as untimely. This matter is before me for disposition upon consent of the parties.[3] For the reasons set forth below, the Commissioner's Motion to Dismiss is GRANTED and Plaintiff's request for review is DENIED as untimely.

---

[1] The Court Docket lists Plaintiff's last name as "Ramaner." While Plaintiff's handwritten Complaint is slightly difficult to read, other documentation indicates his last name is "Ramanee." (Compl., ECF No. 1, at pp. 9-10). The Clerk of Court is directed to amend the caption so that Plaintiff's last name is correctly spelled as "Ramanee."

[2] Andrew M. Saul was confirmed as Commissioner of the Social Security Administration on June 4, 2019. Pursuant to Fed. R. Civ. P. 25(d), I have substituted Andrew M. Saul as defendant in this suit.

[3] The parties consented to my jurisdiction under 28 U.S.C. § 636(c). (Consent and Order, ECF No. 11).

**I.     BACKGROUND**

On October 27, 2015, Plaintiff filed an application for benefits under the Social Security Act, alleging disability beginning October 7, 2015. (Def.'s Mot. Dismiss, Podraza Decl.,[4] Ex. 1, ECF No. 13-1). After his claim was denied at the initial level, he requested a hearing before an Administrative Law Judge ("ALJ"), which was held on February 5, 2018. (*Id.*). Plaintiff, represented by an attorney, appeared and testified at the hearing. (*Id.*). On April 9, 2018, the ALJ issued a decision denying benefits under the Act. (*Id.*). Plaintiff requested review of the ALJ's decision by the Appeals Council. (*Id.* at Ex. 2). On December 13, 2018, the Appeals Council notified Plaintiff that it had denied his request for review. (*Id.*). In the letter denying review, the Appeals Council notified Plaintiff that he could file a civil action in federal court for review of the ALJ's decision within sixty days. (*Id.*). The Appeals Council further informed him that, for good cause, he could request the Council to extend his time to file a civil action. (*Id.*).

On February 13, 2019, Plaintiff requested that the Appeals Council grant him an extension to file a civil action. (*Id.* at Ex. 3). On May 7, 2019, the Appeals Council responded, acknowledging Plaintiff's request, but noting that Plaintiff had not explained why he required more time. (*Id.* at Ex. 4). The Appeals Council informed Plaintiff that if he required an extension to file a civil action, he needed to reply within thirty days explaining the reason for the request. (*Id.*). The Council did not receive a response. On June 25, 2019, the Appeals Council denied his request for an extension of time to file a civil action. (*Id.* at Ex. 5).

---

[4] Janay Podraza is the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration. (Mot. Dismiss, Podraza Decl., ECF No. 13-1, at 1).

Instead of replying to the Appeals Council, on May 30, 2019, Plaintiff filed the instant *pro se* Complaint and a Motion for Appointment of Counsel. (Compl., ECF No. 2; Mot., ECF No. 3). On June 3, 2019, I referred this matter for review by the Attorney Panel for *Pro Se* Plaintiffs in Social Security Cases. (Order, ECF No. 8). I also stayed the briefing schedule pending review by the Attorney Panel, but explained that the Procedural Order governing the Commissioner's Answer remained in effect. (*Id.* at ¶ 3). I further noted that "[i]n the event the [Commissioner] files a motion to dismiss Plaintiff's complaint instead of an answer, Plaintiff will be required to file a response to the motion in the event no attorney has yet accepted this case from the Panel. Local Rule 7.1(c) requires a party opposing a motion to file a response within fourteen (14) days after service of the motion and supporting brief." (*Id.* at ¶ 4).

On August 26, 2019, in lieu of filing an Answer, the Commissioner filed a Motion to Dismiss arguing that Plaintiff's action is time-barred. (Mot. Dismiss, ECF No. 13). Plaintiff did not file a response to the Motion. On October 4, 2019, I removed this matter from the Social Security Panel because no attorney accepted this appointment. (Order, ECF No. 14). I also lifted the stay and gave Plaintiff a twenty-day extension to file his response to the Commissioner's Motion to Dismiss, even though the time for opposing the Motion to Dismiss had already expired. (*Id.* at ¶ 3). As of the date of this opinion, Plaintiff has not filed a response to the Commissioner's Motion to Dismiss, or otherwise communicated with the Court.

## II.    LEGAL STANDARDS

Section 405(g) of the Social Security Act imposes a sixty-day limitations period for individuals to file a civil action in federal court challenging a final decision of the Commissioner. 42 U.S.C. § 405(g) (providing that an "individual, after any final decision of the Commissioner

of Social Security made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."). The Supreme Court has explained that "[i]n addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is the mechanism by which Congress was able to move cases to speed resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). As the *Bowen* Court stated, "the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations . . . . [I]t is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 478-79 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976)); *see also Block v. North Dakota*, 461 U.S. 273, 281 (1983) ("[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied.").

Section 405(g)'s limitation period is subject to equitable tolling. *Bowen*, 476 U.S. at 480. However, equitable tolling is "to be applied sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). There are "three principal bases for applying the doctrine of equitable tolling: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Kramer v. Comm'r of Soc. Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012) (per curiam) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1984)). A "plaintiff bears the burden of establishing that equitable tolling applies." *Courtney v. LaSalle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997).

## III. DISCUSSION

Plaintiff's civil action is untimely because the Complaint was filed outside the sixty-day limitations period set forth in § 405(g). Plaintiff has not responded to the Commissioner's Motion to Dismiss, nor has he otherwise provided the Court with grounds that would justify invoking equitable tolling. Therefore, the Commissioner's Motion to Dismiss the Complaint as untimely is granted, and Plaintiff's Complaint is dismissed.

As noted above, on December 13, 2018, the Appeals Council denied Plaintiff's request for review of the ALJ's April 9, 2018 decision. (Mot. Dismiss, Decl. of Podraza, ECF No. 13-1, at Ex. 2). The Appeals Council's letter was mailed to Plaintiff's address at 2336 South Sixth Street, Philadelphia, Pennsylvania, 19148. (*Id.*; *see also* Pl.'s Compl., ECF No. 2). Plaintiff was presumed to receive the letter five days later, on December 18, 2018. *See* 20 C.F.R. § 422.210(c) (providing the date of receipt of the "notice of decision by the Appeals Council shall be presumed to be 5 days after the date of such notice."). Plaintiff had sixty days from that date, or until February 18, 2019, to timely institute a civil action.[5] Plaintiff filed the instant Complaint

---

[5] Plaintiff requested an extension from the Appeals Council, but the request was ultimately denied because he did not provide a reason constituting "good cause" as required under applicable regulations. 20 C.F.R. § 422.210(c) (explaining that any civil action "must be instituted within 60 days . . . except that this time may be extended by the Appeals Council upon a showing of good cause."). As mentioned above, the Commissioner acknowledged Plaintiff's request, and informed him "[i]f you would like an extension of time to file a civil action, please reply to this notice with a good cause reason for the extension of time." (Mot. Dismiss, Decl. of Podraza, ECF No. 13-1, at Ex. 4). The Appeals Council explained "we will not act for 30 days" and informed Plaintiff "[y]ou must send us the above information within 30 days from the date of this letter," or, by June 6, 2019. (*Id.*). The Appeals Council did not receive a response. Accordingly, on June 25, 2019, the Council denied the extension request finding no "good cause" because they did not receive "any reason for not filing on time." (*Id.* at Ex. 5). Instead of articulating "good cause" for an extension before the June 6 deadline, Plaintiff simply filed the Complaint on May 30, 2019. Because the Appeals Council had never granted the extension, this filing was untimely, because any federal court filing was due on or before February 18, 2019. 42

on May 30, 2019, approximately one hundred days late. (Pl.'s Compl., ECF No. 2). Therefore, his complaint is untimely.

Plaintiff did not respond to the Commissioner's Motion to Dismiss and has not identified any circumstances that might justify equitable tolling. Plaintiff thus has not satisfied his burden of showing this doctrine applies. *See Courtney*, 124 F.3d at 505; *Schofield v. Saul*, No. 19-1600, 2019 WL 4077016, at *3 (E.D. Pa. Aug. 29, 2019) (finding no equitable tolling where plaintiff did not respond to Commissioner's motion to dismiss and granting Commissioner's motion). Accordingly, as Plaintiff's Complaint is untimely and he has not presented grounds to warrant equitable tolling, the Commissioner's Motion is granted. Plaintiff's Complaint is dismissed. *See, e.g.*, *White v. Colvin*, 150 F. Supp. 3d 361, 364 (D. Del. 2015) (granting Commissioner's motion to dismiss plaintiff's one-day untimely complaint); *Fenimore v. Berryhill*, No. 17-4722, 2018 WL 1942359, at *3 (E.D. Pa. Apr. 24, 2018) (granting Commissioner's motion to dismiss plaintiff's two-day untimely complaint); *Prunty v. Comm'r of Soc. Sec.*, No. 18-4237, 2019 WL 426806, at *3-4 (E.D. Pa. Feb. 4, 2019) (granting Commissioner's motion to dismiss plaintiff's six-day untimely complaint).

## IV.    CONCLUSION

For the foregoing reasons, the Commissioner's Motion to Dismiss Plaintiff's Complaint as untimely is granted. Plaintiff's Complaint was filed after the expiration of the sixty-day

---

U.S.C. § 405(g); 20 C.F.R. § 422.210(c). I further note that Plaintiff has not responded to the Motion to Dismiss, despite being given an extension of time to do so. (Order, ECF No. 14). Nor has Plaintiff ever articulated a basis for this Court to evaluate the applicability of equitable tolling to his untimely filing. Even though I give this *pro se* litigant every benefit of the doubt, I am nonetheless bound by applicable regulations and law which required his Complaint be filed on or before February 18, 2019, 42 U.S.C. § 405(g), 20 C.F.R. § 422.210(c), and which required him to respond to the Commissioner's Motion to Dismiss.

limitations period in 42 U.S.C. § 405(g).  He has not articulated circumstances that might justify equitable tolling.  Accordingly, Plaintiff's Complaint is dismissed.

                BY THE COURT:

                  /s/ Lynne A. Sitarski
                LYNNE A. SITARSKI
                United States Magistrate Judge